Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| Richard R. Russo<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>-v-<br><br>Bryan Dasilva, et. al.<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) Case No. _____<br>) *(to be filled in by the Clerk's Office)*<br>)<br>) Jury Trial: *(check one)* ☑ Yes ☐ No<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Richard Ronald Russo |
| Street Address | 965 Elm Street, P.O. Box 9106 |
| City and County | Concord, Middlesex |
| State and Zip Code | Massachusetts, 01742 |
| Telephone Number | |
| E-mail Address | |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

Defendant No. 1
- Name: Bryan Dasilva
- Job or Title (if known): Everett Police Department
- Street Address: Elm Street
- City and County: Everett, Middlesex
- State and Zip Code: Massachusetts, 02149
- Telephone Number:
- E-mail Address (if known):

Defendant No. 2
- Name: Sergeant Zielinski
- Job or Title (if known): Everett Police Department
- Street Address: Elm Street
- City and County: Everett, Middlesex
- State and Zip Code: Massachusetts, 02149
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name: Everett Police Dept.
- Job or Title (if known): Mayor of City of Everett
- Street Address: Broadway
- City and County: Everett, Middlesex
- State and Zip Code: Massachusetts, 02149
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name: Steven A. Mazzie
- Job or Title (if known): Chief of Everett Police Dept.
- Street Address: Elm Street
- City and County: Everett, Middlesex
- State and Zip Code: Massachusetts, 02149
- Telephone Number:
- E-mail Address (if known):

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. *Article III, section 1 of the Constitution and 28 U.S.C. §§ 1331, 1332, and 1343*

*- 28 U.S.C. § 1391 (B)*

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* Richard R. Russo, is a citizen of the State of *(name)* Massachusetts.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
      and has its principal place of business in the State of *(name)* _____

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* Bryan Dasilva, is a citizen of the State of *(name)* Massachusetts. Or is a citizen of
      *(foreign nation)*

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

b. If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

$750,000.00 for punitive, emotional, physical, compensatory damages

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Officers of the Everett Police Department entered a dwelling I was visiting and put me in restraints, then proceeded to physically assault me multiple times by multiple officers.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff prays that this Honorable Court award plaintiff for compensatory, punitive, emotional, and physical damages and any other further relief as this Honorable Court deems just.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 5/1/23

Signature of Plaintiff: *Richard R. Russo* Pro Se
Printed Name of Plaintiff: Richard Ronald Russo Pro Se

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

# United States District Court
## District of Massachusetts

Civil Action No

Complaint

This is a civil action for damages brought pursuant to the United States Constitution and 42 U.S.C. § 1983 resulting from deprivations, under color of law, of Plaintiff's rights under the forth, fifth, sixth, and eighth amendments to the United States Constitution and for tortious behavior under Massachusetts (state) law.

This Court has jurisdiction over these claims pursuant to article III, section 1 of the Constitution and 28 U.S.C. §§ 1331, 1332, and 1343. Plaintiff also invokes the pendant jurisdiction of this Court to decide the aserted statutory and common law tort claim. The amount in controversy exceeds $20,000.00 excluding interests and costs.

Venue is properly established in this judicial district pursuant to 28 U.S.C. § 1391(B).

## PARTIES

Richard Ronald Russo, the Plaintiff, is a

citizen of the United States and a resident of 965 Elm St. Concord, MA 01742.

Bryan Dasilva, a defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an officer of the Everett Police Department. The acts of defendant Bryan Dasilva which are the subject of this lawsuit were undertaken in the regular course of his employment for Defendant Municipality. He is sued both individually and in his official capacity. Upon information and belief, Defendant Bryan Dasilva is a resident of Everett.

Sergeant Zielinski, a defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an officer of the Everett Police Department. The acts of Defendant Sergeant Zielinski which are the subject of this lawsuit were undertaken in the regular course of his employment for Defendant Municipality. He is sued both individually and in his official capacity. Upon information and belief, Defendant Sergeant Zielinski is a resident of Everett.

Steven A. Mazzie, a Defendant, was at all times relevant to the incident which are the subject of this lawsuit, the Chief of Everett Police Department. As such, he is the responsible party for supervising the training, instruction, discipline, control and conduct of

Defendant Police Officers. He is also charged with promulgating all orders, rules, instructions and regulations of the Everett Police Department including but not limited to those orders, rules, instructions and regulations concerning the use of force and of deadly weapons. He is sued both individually and in his official capacity. Upon information and belief, Defendant Police Chief is a resident of Everett.

Everett Police Department is a Municipal Corporation charged with and responsible for appointing and promoting, through the Mayor of Everett, the members of the Everett Police Department and for the supervision, training, instruction, discipline, control and conduct of the Everett Police Department and its personnel. At all relevant times, Defendant Municipality had the power, right and duty to control the manner in which the individual Defendants carried out the objectives of their employment and to see that all orders, rules, instructions, and regulations promulgated for the Everett Police Department were consistent with the Constitution and the laws of the municipality.

## FACTS

At approximately 4:55 p.m., on May 17th, 2021 Richard Ronald Russo, Plaintiff went to the door of

the apartment at 28 Veterans Ave., Everett, MA 02149, where he was visiting, in response to banging on the door by multiple Everett Police Officers and without knowledge of why members of the Everett Police Department were waiting outside demanding that the door be opened without a warrant.

Without warning or explanation, Defendant's Bryan Dasilva and Police Officers unlawfully without a warrant entered apartment and began to assault and beat Plaintiff. Plaintiff was struck and seriously injured by these assault's from Defendants

Throughout this incident, Plaintiff was unarmed and had no weapon of any kind. Plaintiff was not acting in any violent manner at any time during these assaults.

After these assault's by Defendant's Bryan Dasilva and Police Officers, Plaintiff lost consciousness as a result of injuries from these assault's and was transported to Everett Widden or CHA Everett Hospital where he was treated. Upon admission to the CHA Everett Hospital, Plaintiff was in serious condition. He remained there for approximately a couple hours.

Plaintiff was severely injured as a result of these assault's. Plaintiff suffered from numerous

serious injuries, including but not limited to multiple contusions, severe head trauma, a 3 inch gash above the right eyebrow, and multiple abrasions about the head and face. He suffered and continues to suffer great physical, mental, and emotional pain and distress as a result of these assaults.

Upon information and belief, sometime prior to May 17th, 2020 Steven A. Mazzie, Defendant Police Chief promulgated the policy of the Everett Police Department for the use of physical force, set forth in the Everett Police Department Manual as section _____ Section _____ was the official custom and policy of the Everett Police Department for the use of physical force on May 17th, 2020.

## COUNT 1

Paragraph 1 Through 17 are adopted and incorporated by reference.

Acting under color of law and the authority of Defendant Municipality, Defendant Police Officers, intentionally, negligently, and with complete and deliberate indifference for Plaintiffs rights caused Plaintiff to be deprived of his Constitutional Rights, including but not limited to those under the forth, fifth, sixth, and eighth amendments by:

a: using a degree of force that was unreasonable under the circumstances, and in violation of Plaintiffs rights to be free of an unreasonable seizure under the forth amendment;

b: subjecting Plaintiff to punishment without the benefit of a trial by jury in violation of his rights under the sixth and eighth amendments; and

c: depriving Plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without due process in violation of his rights under the fifth amendment.

Defendant Police Chief, under color of law, intentionally, negligently, and with complete and deliberate indifference to Plaintiffs rights caused Plaintiff to be deprived of his Constitutional Rights

including but not limited to the forth, fifth, sixth, and eighth amendments by:

a: failing to supervise properly the training and conduct of Defendant Police Officers;

b: failing to enforce the laws of Massachusetts, and the provisions of the Constitution of the United States concerning use of force by members of the Police force while making an arrest; and

c: promulgating and issuing section of the Police manual.

Plaintiffs injuries and deprivations of constitutional rights were proximately caused by Defendant Police Chief's:

a: inadequate supervision of the training and conduct of Defendant Police Officers;

b: failure to enforce the laws of Massachusetts and the provisions of the Constitution of the United States; and

c: issuance of vague, confusing, and contradictory policies concerning the use of force that are inconsistent with the requirements of the forth, fifth, sixth, and eighth amendments of the United States Constitution.

Defendant Municipality, under color of law, intentionally, negligently, and with complete and deliberate indifference for Plaintiffs rights,

authorized, permitted, and tolerated the custom and practice of the unconstitutional and excessive use of force by members of the Everett Police Department and, in particular by Defendant Police Officers; by failing to:

a: appoint, promote, train and supervise members of the Everett Police Department who would enforce the laws in effect in Massachusetts and who would protect the Constitutional rights of the people of Massachusetts;

b: require Defendant Police Chief to promulgate procedures and policies for the use of force that were consistant with the forth, fifth, sixth, and eighth amendments of the Constitution; and

c: by permitting the policy and custom of using unreasonable force to exist and to be followed by the Everett Police Department,

thereby proximately causing the deprivation of Plaintiffs rights under the forth, fifth, sixth, and eighth amendments to the United States Constitution.

## COUNT 2

Paragraph 1 Through 22 are adopted and incorporated by reference.

The above described assaults by Defendant

Police Officers on the evening of May 17th, 2020 constitute assault and battery against Plaintiff under the laws of Massachusetts.

As a result of the assault and battery upon his person by Defendant Police Officers, Plaintiff has suffered severe and permanent physical and mental pain and distress.

Defendant Police Chief negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers.

Defendant Municipality, as the employer of Defendant Police Officers negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers.

Defendant Municipality, as the employer of Defendant Police Officers and Police Chief is liable under the doctrine of respondeat superior for the tortious conduct of the individual Defendants.

### COUNT 3

Paragraph 1 Through 27 are adopted and

incorporated by reference.

The above described assaults by Defendant Police Officers on the evening of May 27th, 2020, constitute negligence and gross negligence under the laws of Massachusetts.

The conduct of Defendant Police Chief in failing to properly train, supervise and control the conduct of Defendant Police Officers constitutes negligence and gross negligence under the laws of Massachusetts.

Defendant Municipality, as the employer of Defendant Police Officers and Police Chief, is liable under the doctrine of respondeat superior for the negligent conduct of the individual Defendants.

## COUNT 4

Paragraph 1 Through 30 are adopted and incorporated by reference.

Defendant Police Officers negligently and intentionally deprived Plaintiff of his right under of the Municipal Regulations to be free from unnecessary and wanton force during arrest, by their malicious use of

unreasonable and excessive force in assaulting Plaintiff several times with their hands, knees, and close fist punches.

As a result of Defendant Police Officers use of excessive and unreasonable force in arresting Plaintiff, Plaintiff suffered severe and permanent physical and mental pain and distress.

Defendant Police Chief negligently caused the above described injuries by failing to properly train members of the Everett Police Department to enforce the laws in effect in Massachusetts and by failing to promulgate, issue and enforce appropriate procedures and regulations concerning the use of force by members of the Everett Police Department.

Defendant Municipality negligently caused the above described injuries by failing to properly train, supervise and control the conduct of Defendant Police Officers by failing to train members of the Everett Police Department to enforce the laws in effect in Massachusetts and by failing to promulgate, issue and enforce appropriate procedures and regulations concerning the use of force by members of the Everett Police Department.

Defendant Municipality, as the employer of Defendant Police Officers and Police Chief is liable under the doctrine of respondeat superior for the tortious conduct of the individual Defendants.

## COUNT 5

Paragraph 1 Through 35 are adopted and incorporated by reference.

Defendant Police Officers, in assaulting Plaintiff several times with their hands, knees, and close fists punches, acted in extreme and outrageous manner, intentionally and with reckless disregard for plaintiff's welfare, inflicted severe and permanent emotional distress on Plaintiff.

Defendant Police Chief negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers.

Defendant Municipality negligently caused the above described injuries to Plaintiff by failing to properly train, supervise, and control the conduct of Defendant Police Officers.

Defendant Municipality, as the employer of Defendant Police Officers and Police Chief is liable under the doctrine of respondeat superior for the tortious conduct of the individual Defendants.

### COUNT 6

Paragraph 1 through 39 are adopted and incorporated by reference.

Defendant Police Officers in assaulting Plaintiff several times with their closed fists and hands negligently inflicted severe and permanent emotional distress on Plaintiff.

Defendant Police Chief negligently caused the above described injuries to Plaintiff by failing to properly train, supervise, and control the conduct of Defendant Police Officers.

Defendant Municipality negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers.

Defendant Municipality as the employer of Defendant Police Officers and Police Chief is liable under the doctrine of respondeat superior for the

tortious conduct of the individual Defendants.

### REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

1: award to Plaintiff compensatory damages in an amount to be determined at trial, but not less than the amount of $750,000.00, jointly and severally against Defendants for the matters alleged in this complaint;

2: award to Plaintiff punitive damages in an amount to be determined at trial against all Defendants except Defendant Municipality;

3: award to Plaintiff reasonable costs and attorney's fees;

4: grant such other and further relief as this Honorable Court deem just and proper.

### Demand For Trial By Jury

Pursuant to rule 38(b) of the Federal Rules of Civil Procedure Plaintiff hereby demands trial by jury in this action for all issues so triable

*[signature]*
Richard R. Russo
Pro Se
965 Elm St.
P.O. Box 9106
Concord, MA 01742