UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RICHARD R. RUSSO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **v.** ) | **Civil Action No. 23-10977-DJC** |
| ) | |
| **BRYAN DASILVA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ORDER**

**CASPER, J.**                                                                                          **July 12, 2023**

1. Plaintiff's motion to proceed *in forma pauperis*, D. 2, is hereby ALLOWED.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $7.67.  The remainder of the $350 filing fee, $342.33, shall be paid over time in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall send a copy of this order to the institution having custody of the plaintiff.

2. Plaintiff's request for appointment of counsel, D. 3, is DENIED without prejudice.

3. The Clerk shall issue summons for service of the complaint on the following three defendants: Bryan DaSilva, Sergeant Zielinski and Steven A. Mazzie.

4. The plaintiff must serve Defendants DaSilva, Zielinski and Mazzie in accordance with Federal Rule of Civil Procedure 4 and may elect to have service made by the United States Marshals Service ("USMS").  If directed by plaintiff to do so, the USMS shall serve the summons, complaint, and this Order upon each defendant, in the manner directed by plaintiff, with all costs of service to be advanced by the USMS.  It is plaintiff's responsibility to provide the USMS with all necessary paperwork and service information.

5. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1,  plaintiff shall have 90 days from the date the summons issues to complete service.

6. The Court DISMISSES the Everett Police Department pursuant to 28 U.S.C. § 1915(b)(2)(B), § 1915A(b) as the police department is not an entity that may be sued. See Henschel v. Worcester Police Dep't, 445 F.2d 624, 624 (1st Cir. 1971) (explaining that "the Police Department [is not] a suable entity"); Stratton v. City of Boston, 731

F. Supp. 42, 46 (D. Mass. 1989) ("[T]he [Boston] Police Department is not an independent legal entity.").  Plaintiff may amend his complaint within the parameters of Rule 15 of the Federal Rules of Civil Procedure 15 if he seeks to state a viable claim against the City of Everett.  A plaintiff seeking to hold municipal defendants liable for constitutional violations under 42 U.S.C. § 1983 cannot do so on a respondeat superior theory (a legal doctrine used to hold an employer responsible for the wrongful acts of its employee when the acts occurred during the scope of employment), but instead must allege that his constitutional rights were violated pursuant to a policy, practice or custom of the municipal defendant.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978).

7. If Russo wishes to pursue a claim against the City of Everett, he must file an amended complaint curing the defects identified herein.  As an amended complaint completely replaces the original complaint, see Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011), Russo should name all the defendants in the amended complaint and also repeat in the amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint.  If an amended complaint is filed, it will be further screened.

**SO ORDERED.**

/s Denise J. Casper
Denise J. Casper
United States District Judge